IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Eugene Lee Simms,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | 1:14cv41 (TSE/MSN) |
| G. Holloway,<br>    Respondent. | )<br>)<br>) | |

MEMORANDUM OPINION

Eugene Lee Simms, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of Isle of Wight, Virginia of aggravated malicious wounding and grand larceny. The petition was initially filed in this Court on January 10, 2014. On May 1, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on May 29, 2014. For the reasons that follow, petitioner's claims must be dismissed.

I. Background

On January 28, 2010, a jury convicted petitioner of one count of grand larceny of an automobile and one count of aggravated malicious wounding in the Circuit Court for the County of Isle of Wight. Petitioner represented himself during his trial. Commonwealth v. Simms, Case Nos. CR08-310, CR08-311. Petitioner's charges and conviction arose out of his entering the victim's house, beating him with a glass mug, slicing his throat with a knife, and then stealing his car. See Trial Transcript ("Tr. Tran."), Commonwealth v. Simms (Jan. 27-28, 2010), at 62-63. Petitioner was sentenced to life in prison plus twenty years, and the judge suspended the

execution of twenty years. Petitioner pursued a direct appeal to the Court of Appeals of Virginia, alleging that the evidence presented at trial was insufficient to support his convictions. The Court of Appeals denied the petition for appeal on October 13, 2010. Simms v. Commonwealth, R. No. 1139-10-1 (Va. Ct. App. 2010) (per curiam). On January 19, 2012, the Supreme Court of Virginia refused petitioner's petition for appeal. Simms v. Commonwealth, R. No. 111583 (Va. 2012). Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 1, 2012. Simms v. Virginia, No. 11-10606 (U.S. Oct. 1, 2012).

On July 11, 2012, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the County of Isle of Wight, alleging that (1) his right to a speedy trial under both the Virginia constitution and the Sixth Amendment was violated; (2) his right to be present at all stages of the proceeding, pursuant to Virginia Code § 19.2-259, was violated; (3) the trial court erred in not suppressing "contaminated" evidence; (4) counsel was ineffective for agreeing to a trial date that violated petitioner's speedy trial rights; (5) appellate counsel was ineffective for failing to pursue all requested issues on appeal; and (6) petitioner's Sixth and Fourteenth Amendment rights were violated when he was allowed to represent himself without a valid waiver of his rights. The court dismissed the petition on November 20, 2012. Simms v. Dir., Dep't of Corr., Case No. CL12-429 (Va. Cir. Ct. 2012). The court reconsidered its order and denied a petition for rehearing on December 5, 2012. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on July 11, 2013. Simms v. Holloway, R. No. 130294 (Va. 2013). Petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which the court dismissed on procedural grounds on September 13, 2013. Simms v. Warden of the Wallens Ridge State Prison, R. No. 131271 (Va. 2013).

On November 17, 2013,[1] petitioner filed the instant federal habeas petition, alleging that (1) counsel was ineffective for agreeing, without petitioner's consent, to a trial date that violated petitioner's speedy trial rights; (2) appellate counsel was ineffective for failing to raise all desired issues on appeal; (3) the evidence presented at trial was insufficient to support petitioner's convictions; and (4) petitioner's right to a speedy trial under both the Virginia constitution and the Sixth Amendment was violated.

On May 1, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on May 29, 2014. Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner states that he placed his petition in the prison mail system on November 17, 2013. See Pet. [Dkt. 1], at 15. The petition was initially filed in the United States District Court for the Western District of Virginia, and was transferred to this Court on January 15, 2014.

3

United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

#### A. Claim A

In Claim A,[2] petitioner argues that his first counsel, who represented him at arraignment, was ineffective for agreeing to a trial date outside the mandated time to protect petitioner's speedy trial rights. See, e.g., Pet. Att. D. Petitioner was arraigned on November 5, 2008. He entered a plea of not guilty and requested a jury trial. See Tr. Tran., Commonwealth v. Simms

---

[2] Petitioner labels his claims as "D," "E," "F," and "G." As there are only four claims at issue, they will be referred to as "A" through "D" for clarity.

(Nov. 5, 2008/Feb. 13, 2009), at 1. Petitioner was remanded back to custody while both parties attempted to agree on a trial date. Id. at 2. Later that same day, the Commonwealth's Attorney and a different attorney, acting in substitution for petitioner's attorney, again went before the judge. Petitioner was not present at this time. See, e.g., Pet. Att. D, at unnumbered page 2. The parties set a trial date of March 5 and March 6, 2009. Even though petitioner's counsel was not present, the Commonwealth's Attorney stated that his counsel "picked that date because it was a two day date." Tr. Trans. (Nov. 5, 2008/Feb. 24, 2009), at 1-2. The court charged all the time between the arraignment and the start of the jury trial to the petitioner. Id. at 2.

Petitioner states that, under both Virginia and federal law, his mandated speedy trial date was January 8, 2009. See Pet. Att. D, at unnumbered page 1. He therefore argues that counsel was ineffective for agreeing to a trial date beyond that time period, as he did not agree to waive his speedy trial rights. See, e.g., id. at unnumbered pages 4-5.

The Circuit Court for the County of Isle of Wight, reviewing petitioner's claim in his state habeas petition, first mistakenly construed petitioner's argument as pertaining to the actions of his third attorney, who also agreed to a continuance of the trial date. See Simms v. Dir., Dep't of Corr., slip op., at 2-4. After petitioner informed respondent and the court of the error, the court issued a new order, stating that its original final order "correctly address[ed] the issues in this case and properly dispos[ed] of the case according to law." Simms v. Dir., Dep't of Corr., slip op (Dec. 5, 2012), at 1. Thus, regardless of the specific attorney involved in the alleged ineffective assistance, the court continued to rely on its original reasons for dismissing petitioner's claim. In denying petitioner's claims, the court originally found that:

> 6. Even assuming the [date set for trial] was outside the limitations period of Code § 19.2-243, by requesting or agreeing to a continuance, "that time will be excluded in determining whether the trial took place within the mandated time period." Jefferson v. Commonwealth, 243 Va. App. 652, 656, 479 S.E.2d 80, 81-

5

> 82 (1996). This is so because "the protections afforded to a defendant under Code § 19.2-243 are not self-operative and are subject to being waived." Hudson v. Commonwealth, 23 Va. App. 389, 393, 541 S.E.2d 906, 908 (2001).
> 7. Further, while Simms has ultimate authority to decide how to plead, whether to demand a jury trial, testify in his defense, or appeal, a "lawyer may properly make a tactical determination of how to run a trial even in the face of his client's incomprehension or even explicit disapproval." Brookhart v. Janis, 384 U.S. 1, 8 (1966) (opinion of Harlan, J.) . . . .

Simms v. Dir., Dep't of Corr., slip op., at 3. The court further found that petitioner could not show prejudice as a result of counsel's alleged errors. Id. at 4.

As the Supreme Court of Virginia denied petitioner's petition for appeal without explanation, see Simms v. Holloway, R. No. 130294 (Va. 2013), the opinion of the circuit court, which provided the last reasoned analysis of petitioner's claim, is analyzed under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The circuit court's opinion was not contrary to, or an unreasonable application of, clearly established federal law. The established federal law governing ineffective assistance of counsel claims is the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A federal habeas court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 701-02 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, as deficient performance and prejudice constitute "separate and distinct elements," Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994), a court can

6

appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697.

The circuit court's opinion accurately reflects the Strickland standard. Specifically, the court found that counsel, in agreeing to a delayed trial date, did not render deficient performance. In addition, the court found that petitioner could not show prejudice from any alleged error on the part of counsel. The court's decision was not contrary to, or an unreasonable application of, clearly established federal law. Specifically, petitioner has not shown prejudice from counsel's actions. To show prejudice, petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of his trial would have been different. Petitioner states that, had counsel conferred with petitioner before agreeing to the March 5 and March 6, 2009 trial dates, petitioner would not have agreed to waive his speedy trial rights, and therefore the Commonwealth "would have been forced to either nolle prose the charges against petitioner or would have been forced to dismiss the charges had a timely trial could not be set [sic]." Rebuttal to Motion to Dismiss (Pet.'s Resp."), at unnumbered page 5. However, petitioner offers no factual basis for his statement that the Commonwealth, faced with petitioner's desire to hold his trial by January 8, 2009, would not have agreed to an earlier date. In addition, as the circuit court also found, it appears that counsel's decision to hold trial on March 5 and 6, 2009 was motivated by the tactical need to have two available days. Tactical decisions are presumed to be reasonable and should not be second-guessed on federal habeas review. See, e.g., Bell, 535 U.S. at 702. The fact that petitioner may not have agreed with counsel's decision does not mean that counsel was ineffective. Accordingly, the circuit court correctly applied federal law, and Claim A must be dismissed.

## B. Claim B

In Claim B, petitioner alleges that his appellate counsel was ineffective for failing to raise all of his requested claims of error on appeal. The only issue raised during petitioner's appeal was the sufficiency of the evidence. However, petitioner states that he informed his attorney that he wanted to challenge the violation of his speedy trial rights and the failure of the trial court to suppress jeans recovered from the crime scene. See Pet. Att. E, at unnumbered page 1. Petitioner asked counsel to review his trial transcripts, and alleges that "attorney's [sic] with any criminal defense experience would have reviewed the transcripts to help assist them with the appeal." Id. at unnumbered page 2. Thus, petitioner alleges that appellate counsel's failure to review the transcripts and raise these issues on appeal was a "clear issue of ineffective assistance of counsel." Id.

The Circuit Court for the County of Isle of Wight, reviewing petitioner's claim of ineffective assistance, rejected petitioner's argument, and found that petitioner could not meet either prong of the Strickland test.[3] Specifically, the court found that:

> [K]nowing what issues to raise on appeal is the "hallmark of effective appellate advocacy." [Smith, 477 U.S. at 536]. The process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Id. (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). The "selection of issues to raise on appeal is left to the discretion of counsel, and counsel need not raise every possible issue on appeal." Jones, 463 U.S. at 751-52.

Simms v. Dir., Dep't of Corr., slip op., at 6. The circuit court's decision was not contrary to, or an unreasonable application of, clearly established law. The United States Supreme Court, in Jones, held that criminal defendants do not have a constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as matter of professional

---

[3] The Strickland test also applies to claims of ineffective assistance of appellate counsel. See, e.g., Smith v. Murray, 477 U.S. 527, 535-36 (1986).

8

judgment, decides not to present those points." Jones, 463 U.S. at 751. Because the circuit court's decision accurately reflects this statement of federal law, Claim B must be dismissed.

### C. Claim C

In Claim C, petitioner alleges that his Due Process rights were violated when he "was convicted by a jury based on a suspicion of guilt, with evidence that did not prove guilt beyond a reasonable doubt." Pet. Att. F, at unnumbered page 1. He states that the Commonwealth's evidence in his case was largely circumstantial and was not sufficient to convict him beyond a reasonable doubt. See, e.g., id. at unnumbered page 1-2. Petitioner raised this claim on direct appeal of his conviction. During this appeal, he conceded that he had failed to note this claim of error at trial, because he represented himself and did not understand the necessity of preserving all issues for appeal. See Simms v. Commonwealth, slip op., at 1.

The Court of Appeals of Virginia, relying on Rule 5A:18, held that it could not consider petitioner's claims because he failed to present them to the trial court. See id. Virginia Supreme Court Rule 5A:18 provides that "no ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Va. S. Ct. R. 5A:18. The court held that, because the rule "is a neutral principle of waiver that 'applies equally to both pro se litigants and those represented by counsel,'" petitioner had not shown good cause for his failure to comply with the rule. Simms v. Commonwealth, slip op., at 2 (quoting Newsome v. Newsome, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 349 (1994)). As the Supreme Court of Virginia refused petitioner's petition for appeal without explanation, see Simms v. Commonwealth, R. No. 111583, the Court of Appeals' reasoning is imputed to the Supreme Court of Virginia. Ylst, 501 U.S. at 803.

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

The United States Court of Appeals for the Fourth Circuit has found that Rule 5A:18 is an adequate and independent state-law rule. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999) (holding that Virginia Supreme Court Rule 5:25, which is identical to Rule 5A:18, is an adequate and independent ground for relief); Saunders v. Clarke, No. 2:13cv90, 2014 WL 1203016, at *3 (E.D. Va. March 24, 2014) (finding that Rule 5A:18 is an adequate and independent state law ground). Petitioner has not alleged cause and prejudice for his procedural default, nor has he provided any indication of a possibility of a miscarriage of justice. Accordingly, his claim of insufficient evidence cannot be reviewed on its merits.

### D. Claim D

Petitioner's last claim is that his right to a speedy trial under both the Virginia constitution and the Sixth Amendment was violated when his trial was set for March 5 and 6, 2009. See Pet. Att. G, at unnumbered pages 1-3. Petitioner, proceeding through his second counsel, moved to dismiss his charges on speedy trial grounds on February 25, 2009. See id. at unnumbered page 3. The trial judge denied the motion on the ground that petitioner's original

counsel had agreed to the trial date. Id. Petitioner alleges that, because he never agreed to waive his speedy trial rights, this decision cannot be attributed to him, and that he was therefore subjected to a speedy trial violation. See, e.g., id. at unnumbered pages 4-5.

The Circuit Court for the County of Isle of Wight, reviewing petitioner's state habeas petition, found that this claim was procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Simms v. Dir., Dep't of Corr., slip op., at 2. The Fourth Circuit has consistently found that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted); see also Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (citing Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)). Petitioner appears to argue, however, that the ineffective assistance of his appellate counsel constitutes cause to excuse his procedural default. See Pet., at 11 (stating that the reason he did not exhaust this claim in state court is because "counsel failed to address the issue in the appeal to the Virginia Court of Appeals").

Petitioner's argument has no merit, however. As discussed above, appellate counsel was not ineffective for failing to raise all requested issues on appeal. In addition, as the evidence shows that the delays in setting petitioner's trial date were attributed to petitioner, and as the decision to agree to the delayed date was made tactically by petitioner's counsel, appellate counsel could reasonably conclude that there was no meritorious issue to raise on appeal. Accordingly, petitioner has not established cause to excuse his procedural default. Claim D therefore cannot be reviewed on its merits, and must be dismissed.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 3rd day of March, 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge